IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODERICK BROWN,

                Plaintiff,

v.                              //   CIVIL ACTION NO. 1:17CV144
                                     (Judge Keeley)

UNITED STATES DEPARTMENT OF JUSTICE;
MARK S. INCH, Director, Bureau of
Prisons; RUBY MEMORIAL HOSPITAL;
MOHAMAD SALKINI; BARBARA VON BLANCKENSEE,
former Warden, FCI Morgantown; JOHN F.
CARAWAY, Regional Director, BOP South
Central Regional Office; RENEE CROGAN,
Retired Assistant Health Services Administrator,
FCI Morgantown; TIMOTHY TOMPKINS, Case
Management Coordinator, FCI Morgantown;
KENNETH MONTGOMERY, Lieutenant, FCI Morgantown;
and BRIAN PLAVI, Correctional Counselor,
FCI Morgantown,

                Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

    Pending before the Court is the Report and Recommendation by

United States Magistrate Judge Michael J. Aloi recommending

dismissal of the complaint filed by the pro se plaintiff Roderick

Brown ("Brown"). Following a careful review, for the reasons that

follow, the Court **ADOPTS** the R&R (Dkt. No. 60), **OVERRULES** Brown's

objections (Dkt. No. 63), and **DISMISSES** the complaint **WITH**

**PREJUDICE** (Dkt. No. 1).

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

### I. BACKGROUND[1]

Brown, a former federal inmate at Federal Correctional Institution Morgantown ("FCI-Morgantown"), was released from federal custody on July 31, 2017 (Dkt. No. 43-1 at ¶ 6). On August 17, 2017, he initiated this Bivens[2] action against the defendants, the United States Department of Justice ("DOJ"), Ruby Memorial Hospital ("Ruby Memorial"), Dr. Mohamad Salkini ("Dr. Salkini"), and Bureau of Prisons ("BOP") employees Mark S. Inch, Barbara Van Blanckensee, John F. Caraway, Renee Crogan, Timothy Tompkins, Kenneth Montgomery, and Brian Plavi (collectively, "the Federal Defendants") (Dkt. No. 1).

Brown's complaint asserts five claims. Generally, he alleges that the defendants denied him adequate medical care, engaged in "systemic racism [sic] treatment and racial bias" in mental health care, committed medical malpractice, discriminated and retaliated against him, and "violated [his] rights of freedom of speech and

---

[1] The Court takes its recitation of the facts from Brown's complaint, and construes those facts in the light most favorable to him. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

[2] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court permitted suit against federal employees in their individual capacity, creating a counterpart to suit under 42 U.S.C. § 1983.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],**
**OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND**
**DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

[to be free from] cruel and unusual punishment." Id. at 7-9. Brown's complaint includes no further detail or factual support for his allegations. Id. Although the complaint references a "Memorandum in Support" for the alleged facts in support of his claims, no such memorandum of law was filed with his complaint. See id. at 13-15. Nevertheless, Brown asserts that he suffers from depression, physical scars, and has been left impotent as the result of the defendants' alleged actions. Id. at 9. For relief, he seeks a hearing, a jury trial, and unspecified damages "sought in the complaint." Id. at 15.

Pursuant to 28 U.S.C. § 636 and this Court's local rules of prisoner litigation, the Court referred the case to Magistrate Judge Aloi for initial review and a Report and Recommendation ("R&R"). Thereafter, Dr. Salkini and Ruby Memorial moved to dismiss Brown's complaint, arguing that he failed to comply with the mandatory pre-suit filing requirements set forth in the West Virginia Medical Professional Liability Act (Dkt. Nos. 12, 23). Dr. Salkini also argues that Brown fails to state a claim for medical malpractice (Dkt. No. 12). In addition, Ruby Memorial argues that, as a private corporation not acting under the color of federal law, it is not subject to Bivens liability, and that Brown fails to

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

state a claim for deliberate indifference to his serious medical needs (Dkt. No. 23).

The Federal Defendants similarly moved to dismiss the complaint for failure to state a claim, arguing that Brown fails to sufficiently allege personal involvement by any individual federal defendant, as required to state a claim for <u>Bivens</u> liability (Dkt. No. 43-1). In support of their motion, the Federal Defendants attached a signed declaration and certain BOP records. <u>See</u> Dkt. Nos. 43-2, 43-3.

Fed. R. Civ. P. 12(d) provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court thus has discretion to consider extra-pleading material if it wishes to treat a Rule 12(b)(6) motion as one for summary judgment. <u>McBurney v. Cuccinelli</u>, 616 F.3d 393, 410 (4th Cir. 2010) (Gregory, J., concurring) (citing 5C Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1371 (3d ed. 2010)). Therefore, based on the materials presented, Magistrate Judge Aloi

recommended converting the Federal Defendants' motion to dismiss to one for summary judgment (Dkt. No. 60 at 18).

In response to Dr. Salkini's motion to dismiss, Brown asserted, for the first time, the factual bases in support of his claims against Dr. Salkini and the other named defendants. Generally, a court is limited to the allegations set forth in the complaint when deciding a motion to dismiss under Rule 12(b)(6). See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); Agnew v. NCAA, 683 F.3d 328, 348 (7th Cir. 2012). However, because Brown is an unskilled pro se litigant, whose pleadings are entitled to a liberal construction, Magistrate Judge Aloi construed Brown's response in opposition to Dr. Salkini's motion to dismiss, with its affidavits, medical records, and other attached documents ("Response in Opposition") (Dkt. No. 31), as not only his response in opposition, but also a memorandum in support of his complaint (Dkt. No. 60 at 18).

After full briefing, Magistrate Judge Aloi entered an R&R recommending that the Court grant Dr. Salkini and Ruby Memorial's motions to dismiss, grant the Federal Defendants' motion for summary judgment, and dismiss Brown's complaint with prejudice (Dkt. No. 60). Thereafter, Brown filed objections to the R&R (Dkt.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

No. 63), to which Dr. Salkini and Ruby Memorial responded (Dkt. Nos. 64, 65). Brown then filed a reply to the defendants' responses (Dkt. No. 66). Accordingly, this case is ripe for decision.

## II. STANDARDS OF REVIEW

### A.    Pro Se Pleadings

The Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). While the plaintiff's allegations are assumed to be true, Erickson v. Pardus, 551 U.S. 89, 93 (2007), this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing a complaint, the

6

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

Court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson, 551 U.S. at 94). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).

A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "[A] complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

## C.    Motion for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence in the light most favorable to the nonmoving party. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990). The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not

8

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248-52.

**D.    Report and Recommendation**

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**III. DISCUSSION**

As a preliminary matter, finding no clear error, the Court summarily adopts the portions of Magistrate Judge Aloi's R&R to which Brown has not objected. Following de novo review, for the reasons that follow, the Court **OVERRULES** his specific objections to the R&R (Dkt. No. 63).

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

## A.    Department of Justice

First, Brown objects to the Magistrate Judge's recommendation that the Court dismiss his claims against the DOJ (Dkt. No. 63 at 3). To the extent that Brown intended to name the DOJ as a defendant in the case, his claims against it must be dismissed. A <u>Bivens</u> cause of action only lies against individuals, and is therefore unavailable against federal agencies. <u>See</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70-71 (2001) (a federal prisoner alleging a constitutional deprivation may not bring a <u>Bivens</u> claim against the United States or the BOP; his only remedy lies against the individual); <u>Robinson v. Fed. Bureau of Prisons</u>, No. 1:06CV174, 2007 WL 692048, at *4 (N.D. W. Va. Mar. 1, 2007) (dismissing <u>Bivens</u> claims asserted against the DOJ and the BOP). Accordingly, the Court **ADOPTS** the magistrate judge's recommendation concerning Brown's claims against the DOJ, and **DISMISSES** those claims.

## B.    Federal Defendants

Next, Brown objects to the recommendation that the Court dismiss his claims against the Federal Defendants (Dkt. No. 63 at 3-4). <u>Bivens</u> liability is meant to "deter individual federal officers from committing constitutional violations." <u>Malesko</u>, 534 U.S. at 70. Critically, liability under <u>Bivens</u> is purely "personal,

10

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

based upon each defendant's own constitutional violations." Trulock
v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (citations omitted).
Accordingly, to state a viable Bivens claim, a plaintiff must
allege (1) that a particular defendant was personally involved in
the alleged misconduct, and (2) that the defendant's conduct
specifically contributed to the inmate's alleged harm. Dunn v.
Stewart, No. 5:12CV55, 2012 WL 6963923, at *4 (N.D. W. Va. Dec. 27,
2012), report and recommendation adopted sub nom. Dunn v. Fed.
Bureau of Prisons, No. 5:12CV55, 2013 WL 365257 (N.D. W. Va. Jan.
30, 2013) (citations omitted). In other words, "some sort of
personal involvement on the part of the defendant and a causal
connection to the harm alleged must be shown." Id.

Here, Brown does not allege any personal involvement on the
parts of defendants Inch, Van Blanckensee, Caraway, Crogan,
Tompkins, Montgomery, or Plavi in the alleged violation of his
constitutional rights. Notably, Brown's complaint fails to provide
any factual allegations whatsoever against any of the Federal
Defendants. Instead, Brown generally alleges that the individual
defendants all violated his constitutional rights. See Dkt. No. 1
at 2-4. As discussed, conclusory and universal allegations cannot

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]

support the particularized allegations necessary to establish a cognizable <u>Bivens</u> claim against seven individual defendants.

Even construing Brown's Response in Opposition as a memorandum in support of his complaint, he fails to allege any facts in support of a claim against any Federal Defendant of deliberate indifference to his serious medical needs, or to support a claim that any Federal Defendant was personally involved in *any* alleged violation of his constitutional rights. <u>See</u> Dkt. No. 31. Likewise, Brown's response in opposition to the Federal Defendants' motion to dismiss fails to provide any further factual detail regarding his claims against them. <u>See</u> Dkt. No. 51.

With respect to Brown's claim that he was "denied adequate medical care," he alleges, at best, that defendant Crogan, an Assistant Health Services Administrator at FCI-Morgantown, "summon[ed] [him] to her office and ma[d]e [him] sit in pain for an hour while she demeaned [him]. . . ." (Dkt. No. 39-4 at 1, 3). This single allegation, asserted for the first time in his affidavit in support of his "Motion for Default Judgment," is insufficient to state a claim against her for deliberate indifference to his serious medical needs. At no point does Brown allege that Crogan

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

personally denied him medical care, or that her conduct specifically contributed to his alleged injuries. See id.

In the same affidavit, Brown generally alleges that "all of named defendant [sic] are aware of systemic racism and racial bias at FCI-Morgantown," and that their failure "to correct that racism . . . is [the] other example of deliberate indifference." Id. at 2. Beyond this conclusory and general allegation, Brown asserts that BOP Director Inch and former Warden Van Blanckensee failed to reprimand FCI-Morgantown employees for their "actions of systemic racism and racial bias." Id. at 3. He further alleges that Inch and Van Blanckensee "deni[ed] all of [his] administrative appeals" without investigation. Id. Thus, at most, Brown's allegations against Inch and Van Blanckensee appear to be based solely upon vicarious liability.

Where, as here, a Bivens defendant is sued in a supervisory capacity, he is not vicariously liable for misconduct by subordinate employees. Instead, a supervisory defendant may be directly liable where he deliberately ignores or tacitly authorizes subordinate misconduct that violates an inmate's protected constitutional rights. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (reversed on other grounds). Accordingly, Brown's vague,

factually unsupported allegations that Inch and Van Blanckensee were aware of subordinate misconduct are not sufficient to state a valid <u>Bivens</u> claim. <u>See, e.g.</u>, <u>Patel v. Moron</u>, 897 F.Supp. 2d 389, 401 (E.D.N.C. 2012) (granting warden-defendant's motion for summary judgment where inmate asserted that BOP grievance process put warden on notice of the alleged misconduct but "did not provide any factual detail to support [his] conclusory allegations").

Likewise, to the extent Brown claims that Inch and Van Blanckensee were deliberately indifferent to his medical needs by denying his administrative grievances, that claim fails to allege the type of personal involvement required to state a <u>Bivens</u> claim. Indeed, other than Van Blanckensee's involvement in the administrative process, Browns alleges no facts indicating involvement on the part of Inch or Van Blanckensee with regard to any decisions to treat him. Moreover, in dismissing an administrative remedy, Van Blanckensee, as warden, is permitted to rely on the professional judgment of health care providers caring for inmates. <u>Miltier</u>, 896 F.2d at 854–55. Because Brown has not alleged that Van Blanckensee "affirmatively prevented [him] from receiving medical care, in any way interfered with [his] medical treatment, or was in any manner deliberately indifferent to [his]

needs," he has failed to state a <u>Bivens</u> claim against her under a theory of supervisory liability. <u>Paige v. Kupec</u>, No. AW-02-3430, 2003 WL 23274357, at *2 (D. Md. Mar. 31, 2003), <u>aff'd</u>, 70 F. App'x 147 (4th Cir. 2003).

For all of these reasons, even when afforded the liberal construction to which his pro se complaint is entitled, Brown has failed to state a cognizable <u>Bivens</u> claim against any of the Federal Defendants. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation concerning Brown's claims against the Federal Defendants, and **DISMISSES** those claims.

C.   **Dr. Salkini and Ruby Memorial**

1.   **Bivens**

Next, Brown objects to the recommendation that the Court dismiss his <u>Bivens</u> claims against Dr. Salkini and Ruby Memorial (Dkt. No. 63 at 3-4). As previously discussed, under <u>Bivens</u>, plaintiffs have an implied cause of action against federal officers who have violated the plaintiffs' constitutional rights. 403 U.S. at 397. However, <u>Bivens</u> affords no protection for rights secured by statute or common law. <u>See</u> <u>Malesko</u>, 534 U.S. at 68. Moreover, to the extent that the Fourth Circuit has considered whether a <u>Bivens</u> action might lie against a private individual, it has "declined to

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

extend the _Bivens_ remedy to an individual private actor, in part because of the availability of a state court remedy." _O'Neil v. Anderson_, 372 Fed. Appx. 400, 404 (4th Cir. 2010) (declining to recognize _Bivens_ claim against private physician contracted to treat federal inmate where inmate had adequate remedy under West Virginia law); _see also_ _Holly v. Scott_, 434 F.3d 287, 295 (4th Cir. 2006) (declining to recognize _Bivens_ claim against private corporation operating federal correctional facility where inmate had adequate state law remedies).

Here, as did the plaintiff in _O'Neil_, Brown has named as defendants the individual private actor physician who treated him and the privately-owned hospital where he was treated. To the extent that Brown claims that Dr. Salkini and Ruby Memorial are agents of the BOP, the record before the Court does not support his unsupported speculation as to the relationships between the BOP, Dr. Salkini, and Ruby Memorial. To the contrary, Dr. Salkini and Ruby Memorial are private actors who were contracted to provide medical services to Brown. Moreover, West Virginia tort law provides a cause of action for medical negligence. _See_ W. Va. Code §§ 55-7b-1, _et seq._ Therefore, because Brown has an adequate state law remedy for his alleged injuries, this Court declines to extend

16

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

the Bivens remedy to provide a cause of action against private actors Dr. Salkini and Ruby Memorial.[3] See Holly, 434 F.3d at 295; see also Sellers v. St. Joseph Hosp., No. 3:15-CV-121, 2017 WL 4563858 (N.D. W. Va. Oct. 11, 2017) (Groh, J.) (adopting magistrate judge's report and recommendation concluding that private physician and hospital contracted to treat inmate were not proper Bivens defendants).

Further, to the extent that Brown intended to raise claims of racism in mental health care, discrimination, retaliation, or violations of his rights to freedom of speech and to be free from cruel and unusual punishment against Dr. Salkini and Ruby Memorial, he has failed to allege sufficient factual detail to state any claim for relief against either defendant. As discussed, Brown has also failed to allege or establish any facts to indicate that Dr. Salkini, a private physician, or Ruby Memorial, a private corporation, acted under color of federal law with respect to his medical care or otherwise. See Dkt. Nos. 1; 31.

---

[3] Because an adequate remedy is available under state law, the precise "issue of whether Bivens applies to a private doctor under contract need not be addressed." O'Neil v. United States, No. 5:07-CV-00358, 2009 WL 899439, at *5 (S.D.W.Va. Mar. 31, 2009), aff'd in part, vacated in part, remanded sub nom. O'Neil v. Anderson, 372 F. App'x 400 (4th Cir. 2010).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation concerning Brown's <u>Bivens</u> claims against Dr. Salkini and Ruby Memorial, and **DISMISSES** those claims.

### 2.  Medical Malpractice

Finally, Brown objects to the magistrate judge's recommendation that the Court dismiss his medical malpractice claim against Dr. Salkini and Ruby Memorial (Dkt. No. 63 at 4-5).

Relevant here is West Virginia's Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-1, <u>et seq.</u>, which describes a cause of action for professional medical negligence. Section 55-7B-6(b) of the MPLA requires that, before filing an action against a health care provider, the plaintiff must serve a notice of claim and a screening certificate of merit. W. Va. Code § 55-7B-6(b) ("Prerequisites for filing an action against a health care provider"). While compliance with the MPLA's pre-filing requirement is mandatory prior to filing suit in federal court, § 55-7B-6(c) provides the following exception:

> [I]f a claimant . . . believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the

alleged liability of the health care provider in lieu of
a screening certificate of merit.

W. Va. Code § 55-7B-6(c).

Here, Brown does not dispute that he failed to serve a notice
of claim and screening certificate of merit prior to filing his
complaint. Further, for the reasons discussed in the R&R, namely,
that expert testimony would be required to resolve his medical
negligence claim, Brown was not excused from filing a certificate
of merit under subsection (c). See Dkt. No. 60 at 39-42.

In West Virginia, "the general rule [ ] in medical malpractice
cases negligence or want of professional skill can be proved only
by expert witnesses." Banfi v. Am. Hosp. for Rehab., 529 S.E.2d
600, 605 (W. Va. 2000). A court shall require expert testimony
except where the "lack of care or want of skill is so gross, so as
to be apparent, or the alleged breach relates to noncomplex matters
of diagnosis and treatment within the understanding of lay jurors
by resort to common knowledge and experience." Id.

In this case, Brown alleges that Dr. Salkini delayed treatment
for the removal of his bladder stones for over one year, and
provided him with "very little information" as to the seriousness
of his medical condition and the possible side effects of the

removal procedure (Dkt. No. 31 at 2-3). He further alleges that, despite alleged complications arising from the removal procedure, Dr. Salkini and the medical staff at Ruby Memorial discharged him without further treatment, did not provide him with any after-care instructions, and failed to administer proper follow-up care in the weeks following the procedure. Id. at 3.

Based on these allegations, the Court concludes that expert witness testimony is necessary to establish the applicable standard of care in the diagnosis, treatment, and aftercare of bladder stone removal, and to assist the jury in determining whether Dr. Salkini and Ruby Memorial deviated from that standard and proximately caused Brown's alleged injuries. Accordingly, Brown cannot proceed under § 55-7B-6(c). See W. Va. Code § 55-7B-6(c); see also Giambalvo v. United States, 2012 WL 984277 *5, No. 1:11CV14 (N.D.W.Va. Mar. 22, 2012) (holding plaintiff not excused from filing a certificate of merit because he had not established the applicable standard of care for the treatment of his toe that was allegedly bandaged too tightly by physician and resulted in permanent injury); Morris v. United States, No. 3:12-CV-73, 2012 WL 6048936, at *5 (N.D.W.Va. Dec. 5, 2012), aff'd, 520 F. App'x 205 (4th Cir. 2013) (holding plaintiff not excused from filing a

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],**
**OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND**
**DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

certificate of merit because he had not established the applicable standard of care for the diagnosis and treatment of his broken hand).[4]

Because Brown failed to comply with the pre-suit requirements of the MPLA, the Court **ADOPTS** the Magistrate Judge's recommendation concerning Brown's medical malpractice claims against Dr. Salkini and Ruby Memorial, and **DISMISSES** those claims.

### 3. Bad Faith Claim

Finally, Brown objects to the recommendation that the Court dismiss an additional claim of "bad faith" against Ruby Memorial based on its alleged failure to respond to a request under the West Virginia Freedom of Information and Privacy Act ("FOIA").

Notably, Brown's complaint neither makes reference to any FOIA request nor alleges any "bad faith" by Ruby Memorial. See Dkt. No. 1 at 7-9. Instead, Brown attempts to assert this claim in his response to Dr. Salkini's motion to dismiss, alleging, for the

---

[4] Unlike the plaintiff in Giambalvo, Brown did not proceed in a good faith belief that he could litigate his case under the exception contained in subsection (c). Rather, it was only after the MPLA's procedural requirements were raised in the defendants' motions to dismiss that Brown contended that he fell within the exception. Accordingly, Brown is not entitled to additional time to obtain a screening certificate of merit. See Morris, No. 3:12-CV-73, 2012 WL 6048936, at *5.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

first time, that Ruby Memorial has failed to disclose certain records related to Dr. Salkini's "documentation of systemic racism and racial bias, medical malpractice, and discrimination," despite an alleged FOIA request for such disclosure (Dkt. No. 31 at 5).

Therefore, to the extent that the R&R concludes that a claim for bad faith against Ruby Memorial was not alleged in Brown's complaint, the Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** the claim.

## IV. CONCLUSION

Following <u>de novo</u> review, for the reasons discussed, the Court:

1. **ADOPTS** the R&R to the extent consistent with this Memorandum Opinion and Order (Dkt. No. 60);

2. **OVERRULES** Brown's objections (Dkt. No. 63);

3. **GRANTS** Dr. Salkini's motion to dismiss (Dkt. No. 12);

4. **GRANTS** Ruby Memorial's motion to dismiss (Dkt. No. 23);

5. **GRANTS** the Federal Defendants' motion to dismiss (Dkt. No. 43);

6. **DENIES as MOOT** Brown's pending Motion for Default Judgment (Dkt. No. 39), Motion for Leave to File a Motion

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 60],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 63], AND
DISMISSING THE COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

to Strike Defendant Salkini's Reply Brief to the Plaintiff's Response Motion (Dkt. No. 44), Motion for Reconsideration of the Court's June 19 and June 25, 2018 Orders (Dkt. No. 55), and Request for Referral to Mediation (Dkt. No. 61); and

7. **DISMISSES** the complaint **WITH PREJUDICE** (Dkt. No. 1) and **ORDERS** that this case be **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both Orders to counsel of record and the pro se plaintiff, by certified mail, return receipt requested.

DATED: March 18, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE